STATE, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 16—February 17, 1948.*

For the appellant there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Kaftan, Rahr & Kaftan* of Green Bay, attorneys for Gladys H. McKenzie, and *J. Robert Kaftan* of Green Bay, attorney for the Industrial Commission, and oral argument by *Arthur J. Kaftan* and *J. Robert Kaftan.*

FAIRCHILD, J.   Whether Ewart R. McKenzie was performing services growing out of and incidental to his employment as a court reporter of the Fourteenth circuit when he was traveling with Judge GRAASS, who was to attend a meeting of a committee of which he was a member, depends upon the construction to be given to the statutes which create and govern

the position of a court reporter. Sec. 252.18, Stats. 1945, reads:

"Every circuit judge may, in his discretion, appoint a competent phonographic reporter for the circuit or the branch of a circuit, as the case may be, for which he was elected or appointed; and when he shall deem it necessary he may appoint one or more competent assistant reporters. The appointing judge or his successor may remove any such reporter or assistant reporter at pleasure and appoint a successor. Every person so appointed as reporter or assistant reporter is an officer of the court and shall take and file the official oath. When so qualified every reporter and every assistant reporter shall be authorized to act in any circuit court in the state. Every reporter shall attend upon the terms of court in the circuit or branch for which he is appointed and, when requested by the judge appointing him, upon the sessions of court presided over in other counties by such judge, and shall discharge such other duties as the court or judge thereof requires; and every assistant reporter shall attend upon the court for which he is appointed, whenever requested so to do by the circuit judge."

There is no evidence of any act performed or to be performed by deceased at the time of his injury, proximately or legally connected with the duties prescribed by this statute. Because the judge and reporter are closely associated in their daily labors with respect to court duties, it happens, no doubt as it did in this case, that at times of leisure one may accommodate the other by friendly exchanges of services and companionship. This, however, cannot change the relation of either to the state, which is the employer of each. The extent of the employer-employee relationship is here determined by statute.

Emphasis was put by the Industrial Commission and by the trial court on certain words in sec. 252.18, Stats., where it reads that the reporter "shall discharge such other duties as the court or judge thereof requires." It is evident that the inclusion of that clause in the statute was not intended to require the reporter to perform any manner of service whatsoever which the judge might ask of him. That clause of the

statute must be read with the leading and controlling purposes of the office the statute creates in mind. The reporter is an officer of the court. His is a position of importance and dignity. His duties are of a phonographic nature and are to be performed within the circuit for which he is appointed, with specific provision being made for his occasional court service elsewhere.

There are other sections of the statutes which are to be considered in determining the import of sec. 252.18. One is sec. 20.66, Stats. 1945, which provides in part:

"There are appropriated from the general fund, annually, such sums as may be necessary, for salaries and expenses of the judges and reporters of the circuit courts, upon vouchers duly verified and certified by said judges, respectively, and filed with the secretary of state, as follows:

(1) *Salaries of Judges.* . . . Each circuit judge shall also be reimbursed for necessary expenses incurred in the discharge of judicial duty outside his own county and in attending meetings of the board of circuit judges. . . .

(2) *Reporters.* To each reporter appointed pursuant to section 252.18, compensation at the rate of $300 per month. . . . In addition thereto each reporter attending a term of court or attending by the direction of the court the trial of a compulsory reference, outside the county in which he resides, or attending the sessions of court presided over in other circuits by the judge appointing him, at the request of such judge, shall be reimbursed his necessary traveling expenses and hotel bills."

This statute provides on the one hand that the judge shall be reimbursed for expenses incurred both in attending meetings of the board of circuit judges and in performing judicial duties outside the county. On the other hand, so far as the reporter is concerned, the statute provides only that he shall be reimbursed when he is attending sessions of court outside his county or by direction of the court is attending a compulsory reference outside the county in which he resides. This statute which is specific in providing for the reporter's compensation and reim-

bursement certainly does not contemplate that attending meetings with the judge or accompanying him on excursions is a part of a reporter's duties. The otherwise specific provisions of sec. 252.18, Stats., prescribing a court reporter's duties, cannot therefore be extended to include the services here involved.

It is not disputed that Judge GRAASS was on his way to a meeting of the supreme court advisory committee on rules. That committee, as provided for by sec. 251.18, Stats. 1945, is to include "a member of the board of circuit judges." Judge GRAASS filled that position on the committee from 1941 to 1942 and again from 1945 until his death. Sec. 251.18 provides that "The members of said committee shall receive no compensation, but shall be reimbursed out of the state treasury for expenses necessarily and actually incurred by them in attending meetings of said committee outside the county of their residence." Expense vouchers of Judge GRAASS which are in the record cover expenses incurred by him on trips to Madison, not as an acting judge, but as a member of this advisory rules committee. There are no duties for a court reporter to fulfil in connection with that committee. Judge GRAASS' expense vouchers do not include expenses of McKenzie as his reporter, and McKenzie's own expense accounts do not show expenses incurred in accompanying the judge to Madison for previous committee meetings. Mr. McKenzie and Judge GRAASS probably recognized the fact that the trip, so far as McKenzie was concerned, was outside the scope of his employment.

From these facts and because of the meaning of sec. 252.18 and sec. 20.66, Stats. 1945, we conclude that Ewart McKenzie was not, at the time of his death, performing services growing out of and incidental to his employment as a court reporter.

*By the Court.*—Judgment reversed. Cause remanded to the trial court, with direction to enter judgment setting aside

the award of the commission, and for further proceedings according to law.

BARLOW, J. (*dissenting*). Sec. 252.18, Stats., gives the circuit judge, in his discretion, authority to appoint a reporter and when he shall deem it necessary he may appoint one or more assistant reporters. Such a reporter appointed by a circuit judge becomes an employee of the state and he may be removed at the pleasure of the judge appointing him. As indicated in the majority opinion the reporter is required to perform certain duties, but in addition thereto he "shall discharge such other duties as the court or judge thereof requires." I believe that the majority opinion would require the reporter to determine at his peril in each instance whether the judge had the authority to make the direction. I do not believe that the statute places this burden upon the court reporter. The evidence is that the circuit judge in effect ordered this reporter to go to Madison with him, which creates a presumption it was on official business. Whether the state offered sufficient evidence to overcome this presumption was a question of fact for the Industrial Commission. It determined he was an employee injured while performing services growing out of and incidental to his employment. This is a question of law reviewable on appeal for the purpose of ascertaining whether the facts support the conclusion of the commission. I feel the state failed in its effort to overcome the presumption and the trial court was correct in confirming the award.

I am authorized to state that Mr. Justice HUGHES joins in this dissent.